IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mister Clark Inabinett, | ) | C/A No.: 1:14-1102-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Cecilia Reynolds; Sgt. Davis; Major Ford; Grievance Coordinator Hough; Investigator Catoe; and South Carolina Department of Corrections, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Mister Clark Inabinett, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at Kershaw Correctional Institution ("KCI") by the following defendants: Warden Cecilia Reynolds ("Reynolds"); Sgt. Davis ("Davis"); Major Ford ("Ford"); Grievance Coordinator Hough ("Hough"); Investigator Catoe ("Catoe"); and the South Carolina Department of Corrections ("SCDC") (collectively "Defendants"). [Entry #1 at 1–2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

1

I. Factual and Procedural Background

Plaintiff alleges that, on October 11, 2013, Davis "shoved [him] with so much force that [Plaintiff] stumbled forward" and would have fallen "face first into the concrete," if he had not caught his balance. [Entry #1 at 3]. Plaintiff states that his hands were cuffed behind his back at the time of the incident. *Id.* Plaintiff sues Reynolds for turning a "blind eye to the wrongdoing of her understaff" and sues Hough because she allegedly failed to send Plaintiff notices regarding "rulings on [his] actions," resulting in his having inadequate time to appeal such rulings. *Id.* at 3–4. Plaintiff alleges that Ford "is in charge of security" and did not respond to a written inquiry sent by Plaintiff. *Id.* Catoe purportedly informed Plaintiff that his "claims amount to nothing because the officers would stick together." *Id.* at 4. Plaintiff names SCDC for failing to hire professional officers and for failing to properly train staff. *Id.* Plaintiff asserts that Defendants refused to investigate his claims associated with Davis' use of force and that his grievances all went unanswered. *Id.* at 2, 5. Plaintiff seeks damages, an investigation into "the practices of Warden Reynolds," and criminal charges against Davis. *Id.* at 5.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

 B. Analysis

  1. Supervisory liability (Reynolds and Ford)

A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978).  Moreover,

"[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff provides no facts to indicate that Reynolds and Ford personally participated in the October 2013 shoving incident giving rise to this complaint. Instead, Plaintiff sues Reynolds as the Warden of KCI who allegedly improperly manages her employees, and Ford as the official "in charge of security." [Entry #1 at 4]. However, the complaint provides no allegations to demonstrate that Reynolds or Ford were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Thus, Reynolds and Ford are entitled to summary dismissal from this action.

        2.      Grievance procedures (Hough)

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims related to Hough's alleged refusal to send him notices regarding "rulings on [his] actions" are subject to summary dismissal. [Entry #1 at 4].

4

      3.      Failure to investigate (Catoe)

The law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (finding that *Daniels* bars an action under § 1983 for negligent conduct). Thus, Plaintiff's allegation that Catoe failed to properly perform his job duties is subject to summary dismissal.[1] Further, Catoe's alleged verbal statements to Plaintiff fail to set forth a claim of constitutional magnitude. *See Ajaj v. United States*, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007) (holding that verbal harassment or taunting is not sufficient to state a constitutional claim under § 1983) (collecting cases).

      4.      Eleventh Amendment Immunity (SCDC)

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781

---

[1] While a negligence claim may be actionable in state court, the federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

(1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (South Carolina has not consented to suit in federal district court). As a state agency, SCDC is immune from Plaintiff's claims for damages or injunctive relief under § 1983, and the undersigned recommends it be summarily dismissed from the action.

      5.    Excessive force (Davis)

It is well-established that the use of excessive force upon an inmate by correctional officers violates the constitutional prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1 (1992). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. Further, an "inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (citing *Hudson*, 503 U.S. at 9).

In this case, Plaintiff alleges a shove by Davis that did not result in a fall or any injury. [Entry #1 at 3, 5]. While significant injury is not required to maintain an excessive force claim, *see Wilkins*, 559 U.S. at 37, the facts presented in this case do not rise to the level of an Eighth Amendment violation. *See Brown v. Powell*, C/A No. 4:12-3057-DCN, 2014 WL 691662, at *5 (D.S.C. Feb. 21, 2014) ("Because [the plaintiff] alleges no

injuries, no reasonable jury could find that the force used against him was more than 'nontrivial' or '*de minimis*") (collecting cases). Therefore, Davis is also entitled to summary dismissal from this case.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 29, 2014                                                  Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).